**UNITED STATES COURT OF APPEALS**

**December 31, 2014**

**TENTH CIRCUIT**

CHARLES DALE WOLLNICK,

      Plaintiff - Appellant,

v.

KAREN D. BENSON; ROBERT
DOUGLAS WOLLNICK; ELIZABETH
MONTGOMERY,

      Defendants - Appellees.

No. 14-1309
(D. Colorado)
(D.C. No. 1:14-CV-00731-LTB)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Charles Wollnick filed a pro se complaint in the United States District Court for the District of Colorado seeking damages and reversal of a Colorado state-court judgment regarding his late father's estate. On April 18, 2014, the district court dismissed the case for lack of jurisdiction under the *Rooker-Feldman* doctrine, which prohibits the lower federal courts from engaging in appellate review of state-court judgments. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The court ruled in the alternative that if the state-court judgment was not final when Plaintiff filed the federal action, it would abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), which generally bars federal-court interference with ongoing state-court proceedings. Plaintiff then filed three unsuccessful postjudgment motions before filing a notice of appeal on August 6. We hold that our jurisdiction on appeal is limited to review of the denial of the third postjudgment motion, and we affirm that denial.

Ordinarily, a notice of appeal must be filed within 30 days after a final order or judgment is entered. *See* Fed. R. App. P. 4(a)(1)(A). But if a party files a motion for reconsideration under Federal Rule of Civil Procedure 59 or 60 within 28 days of the entry of the order or judgment, the time for filing a notice of appeal does not commence until the entry of the order disposing of the motion. *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e). Application of these rules to the district court's judgment and orders in this case is straightforward.

We begin with the judgment entered on April 18. Plaintiff did not file a tolling motion within 28 days of the judgment. The time to appeal the judgment therefore expired 30 days after April 18. Plaintiff did not file his notice of appeal until August 6. Thus, he cannot challenge the original judgment.

Next, we consider the district court's denial of Plaintiff's May 19 motion for reconsideration. The district court denied the motion on May 22. Plaintiff filed a motion to reconsider that denial 26 days later, on June 17, postponing the time to appeal from the denial. But the postponement ended on June 19, when the district court denied the June 17 motion. Therefore, Plaintiff's time to appeal the May 22 denial of his first postjudgment motion expired 30 days after June 19, well before the filing of the notice of appeal in August.

Plaintiff's challenge to the June 19 order denying his second postjudgment motion fares no better. He did not file a motion to reconsider within 28 days, so the time to appeal from that order was not postponed. Hence, the time to appeal from the denial expired 30 days after June 19, again more than two weeks before he filed his notice of appeal.

We can, however, review the district court's denial of Plaintiff's third postjudgment motion. The motion, filed on July 18, alleged mailing delays and clerical errors by the court and explained some of his own errors. Plaintiff timely filed his notice of appeal 15 days after the district court denied this motion in a minute order on July 22.

3

Nevertheless Plaintiff is not entitled to relief.  We perceive no error in the July 22 order that would justify a remedy on appeal.

We AFFIRM the judgment and orders of the district court.  And because Plaintiff has not made a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), we DENY his motion to proceed *in forma pauperis.*

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

4